O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXSO, INC., a California corporation, | Case No. CV 15-01893 DDP (JCx) |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION TO STRIKE AND MOTION TO DISMISS** |
| v. | (DOCKET NUMBER 17) |
| FIRST DATABANK, INC., a Missouri corporation, | |
| Defendant. | |

Presently before the court is Defendant First Databank, Inc. ("FDB")'s Special Motion to Strike and Motion to Dismiss. (Dkt. 17). Having considered the submissions of the parties and heard oral argument, the court grants the motion in part and adopts the following Order.

**I. Background**

Plaintiff Alexso, Inc. manufactures kits used by pharmacies to compound topical cream prescription drug products. (Complaint at 1.) Defendant FDB publishes databases that provide information about drug products to the healthcare industry. (Id. at 2.) Plaintiff requested that Defendant publish eight of Plaintiff's

kits in Defendant's database. (Id. at 5.) In response, Defendant requested additional information from Plaintiff, including whether the products are FDA approved. (Id.) Plaintiff informed Defendant that the kits did not require additional FDA approval because they were already FDA approved for marketing in the United States under SPL Marketing Category C96793 as a "Bulk Ingredient for Human Prescription Compounding." (Id. at 6.) Defendant refused to list Plaintiff's kits in its database unless and until Defendant received notice from the FDA that the kits can be marketed without approval. (Id. at 7.) FDB did at some point list kits manufactured by Plaintiff's competitors. (Id. at 19.)

Plaintiff alleges that by excluding its kits from the database, Defendant violated the Section 43 of the Lanham Act and the California Unfair Competition Act (Bus. & Prof. Code § 17200), intentionally and negligently interfered with Plaintiff's prospective economic advantage, and committed a prima facie tort. Because Defendant provides information for hospitals, physicians, pharmacies, and other health care providers, Plaintiff alleges that not being included in Defendant's database places Plaintiff at a "fatal competitive disadvantage." (Id. at 2.) Plaintiff further alleges that consumers interpret the exclusion of Plaintiff's kits from FDB's database as a representation that the products are not approved for sale by the FDA. (Id. at 2.)

Defendant moves to strike Plaintiff's state causes of action pursuant to the California anti-SLAPP statute, Cal. Code Civ. P. 425.16, and to dismiss Plaintiff's Lanham Act claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

///

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555.  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

3

### III. Discussion

    A.   Lanham Act

Plaintiff's First Cause of Action alleges that FDB's refusal to list Alexso kits in the database, coupled with the listing of similar products by other manufacturers, "constitutes a false and misleading representation . . . that Alexso's Kits [sic] are not approved for sale under federal regulations governing drug products while the other substantially similar products are so approved." (Compl. at 23.) The First Cause of Action's reference to Section 43(a) of the Lanham Act quotes, albeit without specific statutory citation, 15 U.S.C. Sec. 1125(a)(1)(A). That provision prohibits false or misleading representations or false and misleading descriptions of fact that are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [the speaker] with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

Although not discussed by either party, Section 1125(a)(1)(A) generally applies to allegations of false association, such as trademark infringement, passing off or false designation of origin, and false endorsement. See Lexmark Intern., Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1384 (2014); Int'l Order of Job's Daughters v. Lindeburg and Co., 633 F.2d 912, 917 (9th Cir. 1980); Roth, v. Naturally Vitamin Supplements, Inc., No. CV-04-2135-PHX, 2011 WL 4387094 at *5 (D. Ariz. Apr. 14, 2006). A statement that "misrepresents the nature, characteristics, qualities, or geographic origin of . . . goods, services, or commercial

4

activities" typically falls under the Lanham Act's false advertising prong, § 1125(a)(1)(B). <u>Lexmark</u>, 134 S.Ct. at 1384. Plaintiff here alleges only violations of § 1125(a)(1)(A).

The elements of a claim under § 1125(a)(1)(A) differ somewhat from those under § 1125(a)(1)(B). <u>Summit Tech., Inc. v. High-Line Med. Instruments, Co</u>, 933 F.Supp. 918, 928-929 (C.D.Cal. 1996). Those differences are not particularly pertinent here, as any claim under Section 43(a) requires some sort of material false or misleading description or statement of fact. <u>See</u> <u>id.</u>; <u>see also</u> <u>Universal City Studios, Inc. v. Sony Corp. of Am.</u>, 429 F.Supp. 407, 410 (C.D. Cal. 1977) ("Whether the cause of action creation by s 1125(a) is rooted in the limited context of 'passing off,' or the somewhat broader realm of 'false advertising,' it cannot be said that . . . the statute was designed to make all failures to disclose actionable.") (internal citations omitted). Defendants here contend that Plaintiff's Complaint fails to allege that FDB made any representation about Alexo's products. The court agrees.

There appears to be no dispute that FDB's database does not mention Alexso's compounding kits. Indeed, that lack of reference, rather than any affirmative statement about the kits, forms the crux of Alexso's Complaint. Nevertheless, Alexso contends that Defendant made an affirmative misrepresentation that Alexso's compounding kits are not approved by the FDA.[1] Alexso argues that "FDB's positive act of listing competitors' kits, not just the contrary omission of Alexso's kits, constitutes an affirmative

---

[1] Alexso's Opposition distinguishes this supposed affirmative misrepresentation from an omission. (Opp. at 21.)

5

misrepresentation of fact, *i.e.* that the competitors kits are FDA-approved while Alexso's are not." (Opp. at 21:12-14.)

Alexso's argument is not persuasive. Although the Complaint alleges that FDB advertising touts the databases as "more comprehensive" and providing "comprehensive drug knowledge," nowhere does the Complaint identify any representation that the database is an exhaustive listing of FDA-approved products or any suggestion that products not listed in the database are not FDA-approved.[2] (Compl. at 9.) Absent any such statements, and given the myriad reasons why a for-profit informational database or catalogue might list certain products and not others, FDB's exclusion of Alexso products cannot plausibly be read as an affirmative representation of any kind regarding those products, let alone a representation that would lead database subscribers to wrongly believe that Alexso's kits are not approved by the FDA. Because Alexso's Opposition does not indicate any basis upon which the Complaint might be amended to properly allege that FDB's decision not to list Alexso products constitutes a false misrepresentation, Plaintiff's Lanham Act claim is dismissed with prejudice.

B.  Supplemental Jurisdiction

Defendant also moves to strike all of Plaintiff's state law claims under California's anti-SLAPP (strategic lawsuit against public participation) statute, Cal. Code Civ. P. 425.16. Having dismissed Plaintiff's only federal claim, however, the court

---

[2] Notwithstanding the Complaint's reference to Defendant's advertising, Plaintiff does not allege a cause of action for false advertising, as explained above.

6

declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. 1367(c). This case is in its early stages, and implicates state law issues of free speech and public policy better addressed in state court.[3] See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (instructing that when the balance of relevant factors "indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Plaintiff's state claims are therefore dismissed without prejudice, and may be re-filed in state court.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED, in part. Plaintiff's Lanham Act claim is DISMISSED with prejudice. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims,ic are therefore DISMISSED, without prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

Dated: September 21, 2015

DEAN D. PREGERSON
United States District Judge

---

[3] This conclusion is reinforced by Plaintiff's assertion that California's Medicaid program relies exclusively on Defendant's database, and will not reimburse providers for products not listed in the database. The question whether this relationship gives rise to any legal remedy is beyond the scope of this Order, which concludes only that the Lanham Act is not the appropriate vehicle for any such relief.

7